UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                  CASE NO: 8:17-cr-41-CEH-TGW

DANIEL R. KENDRICKS
_____/

**ORDER**

This matter comes before the Court on Defendant Daniel R. Kendrick's Emergency Motion for Compassionate Release due to Extraordinary and Compelling Circumstances Pursuant to Title 18 U.S.C. § 3582(c)(1)(A)(i) and/or § 12003(B)(2) of the Cares Act (Doc. 165). Defendant filed identical motions on February 11, 2021 and February 12, 2021. Docs. 167, 168. In the motions, Defendant, who is proceeding *pro se*, requests the Court reduce or modify his sentence to probation or supervised release in order to minimize his exposure to the coronavirus in the prison environment. The Government filed a response in opposition. Doc. 166. The Court, having considered the motions and being fully advised in the premises, will deny Defendant's motions for compassionate release.

**I.      BACKGROUND**

Following a bench trial on October 31, 2017, the Court found Defendant guilty of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Docs. 122, 123. Defendant was sentenced on January 31, 2018, to a total term of 180 months' imprisonment and 5 years of supervised release. Doc. 144. Due to Defendant's

criminal history, he was subject to a mandatory minimum of 15 years. Doc. 166 at 1. Defendant, who is currently 50 years of age, is incarcerated at Coleman Medium FCI, in Sumterville, Florida. *See* Bureau of Prison ("BOP") Inmate Locator at https://www.bop.gov/inmateloc/ (last accessed November 28, 2021). Defendant is scheduled to be released from prison in approximately nine years on January 18, 2030. *Id.*

On December 31, 2020, Defendant filed the instant Motion for Compassionate Release requesting modification of his sentence due to the COVID-19 pandemic, his medical conditions which he claims place him at an increased risk for severe illness, and the inability of the BOP to manage the pandemic. Doc. 165. Defendant alleges he suffers from hypertension, chronic obstructive pulmonary disease ("COPD"), asthma, and borderline diabetes. Doc. 165 at 3. He filed the same motion on February 11, 2021 and again on February 12, 2021.[1] Docs. 167, 168.

In response to Defendant's motion, the Government argues the motion should be denied because Defendant fails to provide an extraordinary and compelling reason to permit his early release from prison and because Defendant's criminal history weighs against release. *See* Doc. 166. Additionally, the Government contends that the BOP continues to take significant measures to protect the health of the inmates in its charge. *Id.* at 2.

## II.   LEGAL STANDARD

---

[1] The motions appear the same, but Defendant has included additional medical records as attachments to the motion at Doc. 168.

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i). Effective December 21, 2018, the First Step Act of 2018 amended section 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release. That provision states:

The court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

> (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>
>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

    and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

    (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. . . .

18 U.S.C. § 3582(c)(1) (italics reflecting amendment under First Step Act). Accordingly, a court may reduce a sentence upon motion of a defendant provided that: (1) the inmate has either exhausted his or her administrative appeal rights of the BOP's failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement. *See id.* Courts are to consider the § 3553(a) factors, as applicable, as part of the analysis.[2] *See* §3582(c)(1)(A).

  The defendant generally bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (providing that defendant bears the burden of establishing a reduction of sentence is

---

[2] These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

warranted under § 3582(c) due to a retroactive guideline amendment); *United States v. Heromin*, Case No. 8:11-cr-550-VMC-SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) (citing *Hamilton* in the context of a § 3582(c) motion for compassionate release).

### III.   DISCUSSION

#### A.   Administrative Exhaustion

Defendant contends he has exhausted administrative remedies, and the Government does not argue otherwise. Here, Defendant made a request on August 5, 2020 to the BOP warden, which was denied on November 5, 2020. Doc. 165 at 15. More than 30 days have lapsed since the warden received Defendant's request, and thus, Defendant has satisfied administrative exhaustion. The Court turns to the merits of Defendant's claim.

#### B.   Extraordinary and Compelling Reason

Defendant argues that extraordinary and compelling reasons exist to support a reduction in his sentence under the First Step Act. The sentencing guidelines provide that "extraordinary and compelling reasons exist" for compassionate release when a defendant meets any one of several circumstances. Section 1B1.13 identifies four categories in which extraordinary and compelling circumstances may exist: (1) the defendant's medical condition; (2) the defendant's advanced age (at least 65 years old); (3) family circumstances; and (4) other reasons. *See* U.S.S.G. § 1B1.13, cmt. n. 1(A)-(D). When a defendant meets any one of the categories, the Court may grant

compassionate release. *See id.* Defendant is under the age of 65 and does not raise any issues regarding family circumstances, and thus the second and third factors are inapplicable. Rather, Defendant cites to his medical condition and the COVID-19 pandemic as a basis for modifying his sentence.

Relevant here, a defendant's medical condition may provide an extraordinary and compelling reason to support a reduction in sentence when the defendant is: (1) suffering from a terminal illness, *i.e.*, a serious and advanced illness with an end-of-life trajectory; or (2) suffering from a serious physical or medical condition that substantially diminishes his ability to care for himself within the prison environment and from which he is not expected to recover. U.S.S.G. § 1B1.13, cmt. n. 1(A). Stable, controlled medical conditions do not meet the requirements of U.S.S.G. § 1B1.13 as an extraordinary and compelling reason for a prisoner's compassionate release. *See, e.g., United States v. Wedgeworth*, 837 F. App'x 738 at *739–40 (11th Cir. 2020) (affirming lower court's finding of no extraordinary and compelling reason for a defendant suffering from obesity and chronic hypertension because those conditions were not terminal and did not substantially limit the prisoner's ability for self-care).

Here, Defendant complains he suffers from a history of hypertension, COPD, asthma, borderline diabetes, and he is 49 years old.[3] Doc. 166 at 3. His age does not constitute an extraordinary and compelling reason to support release. Moreover, while

---

[3] Defendant was 49 years old when he filed the motion; he is now 50. Regardless, his age does not constitute an extraordinary and compelling reason to support a reduction in sentence as he is not at least 65 years old.

6

Defendant provides limited medical records to support his claim, *see* Doc. 165 at 16–19; Doc. 167 at 19–22; Doc. 168-1 at 8–16, review of those records reveals Defendant is not suffering from any terminal illness or serious physical or medical condition that substantially diminishes his ability to care for himself within the prison environment. To the contrary, the records reflect his conditions are relatively stable, and he is being monitored and treated for his conditions of plantar fasciitis, essential hypertension, COPD, low back pain, and prediabetes. His medical records further reflect he is prescribed an albuterol inhaler and other medication for his COPD. Thus, nothing about Defendant's medical condition supports a finding of a compelling and extraordinary reason to warrant a reduction in sentence.

The fourth factor, which has been described as a catch-all provision, provides that, "[a]s determined by the Director of the [BOP], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13, cmt. n. 1(D). As a preliminary matter, the Court notes that "the mere existence of COVID-19 and the possibility it may spread to a particular prison" is not an extraordinary and compelling reason for compassionate release. *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Moreover, in accordance with the Eleventh Circuit's opinion in *United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021), this Court declines to find that the pandemic, coupled with health conditions, constitutes an extraordinary and compelling reason under the catchall "other" reasons category. *Id*. at 1263–65 (holding that the language "[a]s determined by the Director of Bureau of Prisons" contained

within the catch-all provision precludes district courts from finding extraordinary and compelling reasons beyond those specified by the Sentencing Commission in Section 1B1.13).

In response to Defendant's argument that the BOP is not effectively managing the pandemic, the Court notes that Coleman Medium is actively vaccinating its inmates and staff and it currently has zero inmates and only one staff member that is COVID-positive. *See* https://www.bop.gov/coronavirus/ (last accessed November 28, 2021).

### C. Section 3553(a) Factors

Even if Defendant was able to establish an extraordinary and compelling reason, the Court must make a finding that Defendant would not be a danger to the safety of any person or the community and that consideration of the Section 3553(a) factors counsel in favor of release. *See* USSG § 1B1.13(2). Defendant contends he is remorseful and represents that he has rehabilitated himself while in prison. While the Court is hopeful that Defendant will continue to dedicate himself to his education and to bettering himself, his past criminal conduct undermines his representations of rehabilitation. As pointed out by the Government, Defendant is a 16-time convicted felon. Doc. 166 at 10. The Court has considered the Section 3553(a) factors and determined that they do not weigh in favor of a reduction in sentence, particularly given Defendant's lengthy criminal history and since he has served significantly less time than his 180-month mandatory sentence, thereby failing to reflect the seriousness

of the offense, promote respect for the law, and provide just punishment for the offense.

Accordingly, it is hereby

**ORDERED**:

1. Defendant's Emergency Motion for Compassionate Release due to Extraordinary and Compelling Circumstances Pursuant to Title 18 U.S.C. § 3582(c)(1)(A)(i) and/or § 12003(B)(2) of the Cares Act (Doc. 165) is **DENIED**.

2. Defendant's Emergency Motion for Compassionate Release due to Extraordinary and Compelling Circumstances Pursuant to Title 18 U.S.C. § 3582(c)(1)(A)(i) and/or § 12003(B)(2) of the Cares Act (Doc. 167) is **DENIED**.

3. Defendant's Emergency Motion for Compassionate Release due to Extraordinary and Compelling Circumstances Pursuant to Title 18 U.S.C. § 3582(c)(1)(A)(i) and/or § 12003(B)(2) of the Cares Act (Doc. 168) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on November 30, 2021.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties